**THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BACKGRID USA, INC.**, a California corporation, | : : : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : : : | |
| v. | : : : | **JURY TRIAL DEMANDED** |
| **AUDACY, INC.**, a Delaware corporation; **AUDACY SERVICES, LLC**, a Delaware corporation; **AUDACY GEORGIA, LLC**, a Delaware corporation; **AUDACY CONNECTICUT, LLC**, a Delaware corporation; **AUDACY ARIZONA, LLC**, a Delaware corporation; **AUDACY TEXAS LLC**, a Delaware corporation; **AUDACY NEW YORK, LLC**, a Delaware corporation; **AUDACY MISSOURI, LLC**, a Delaware corporation; and **DOES 8-10**, inclusive, | : : : : : : : : : : : : : : | |
| **Defendants.** | : : | |

<u>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**</u>

Plaintiff, Backgrid USA, Inc., complains against Defendant, Audacy, Inc., Audacy Services, LLC, Audacy Georgia LLC, Audacy Connecticut, LLC, Audacy Arizona, LLC, Audacy Texas LLC, Audacy New York LLC, and Audacy Missouri, LLC, and Does 8-10 (collectively, "Defendants") as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 et seq.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendants and their agents reside and may be found in this judicial district, and the injury suffered by Plaintiff took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the Commonwealth of Pennsylvania. Specifically, each defendant has a principal place of business in Philadelphia, Pennsylvania, as represented by Audacy, Inc. in its motion to dismiss Backgrid's complaint for lack of personal jurisdiction, which it filed in Backgrid USA, Inc. v. Audacy, Inc., 2:21-cv-08874-JAK-ks (C.D. Cal. 2021) ("California Action"). Moreover, Audacy, Inc. represented that Pennsylvania has jurisdiction as to each LLC in its motion. (Dkt. 21 at 2.)

## PARTIES

3.      Plaintiff Backgrid USA, Inc. ("Backgrid") is a California corporation with its principal place of business located in Redondo Beach, California.

4.      Defendant Audacy, Inc. is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.

5.      Defendant Audacy Services, LLC is a Delaware limited liability company, with its principal place of business in Philadelphia, Pennsylvania. Audacy Services, LLC was initially named as Doe 1 in the California Action.

6.      Defendant Audacy Georgia, LLC is a Delaware limited liability company, with its principal place of business in Philadelphia, Pennsylvania. Audacy Georgia, LLC was initially named as Doe 2 in the California Action.

7.      Defendant Audacy Connecticut, LLC is a Delaware limited liability company, with its principal place of business in Philadelphia, Pennsylvania.  Audacy Connecticut, LLC was initially named as Doe 3 in the California Action.

8.      Defendant Audacy Arizona, LLC is a Delaware limited liability company, with its principal place of business in Philadelphia, Pennsylvania.   Audacy Arizona LLC was initially named as Doe 4 in the California Action.

9.      Defendant Audacy Texas, LLC is a Delaware limited liability company, with its principal place of business in Philadelphia, Pennsylvania. Audacy Texas LLC was initially named as Doe 5 in the California Action.

10.     Defendant Audacy New York LLC, is a Delaware limited liability company, with its principal place of business in Philadelphia, Pennsylvania.  Audacy New York LLC was initially named as Doe 6 in the California Action.

11.     Defendant Audacy Missouri, LLC is a Delaware limited liability company, with its principal place of business in Philadelphia, Pennsylvania.  Audacy Missouri LLC was initially named as Doe 7 in the California Action.

12.     Audacy Services, LLC, Audacy Georgia, LLC, Audacy Connecticut, LLC, Audacy Arizona, LLC, Audacy Texas, LLC, Audacy New York, LLC, and Audacy Missouri, LLC, are collectively the "LLCs". The LLCs and Audacy, Inc, are collectively "Audacy."

13.     The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as Does 8 through 10, inclusive, are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

**Backgrid and the Photographs that Frame This Dispute**

14.     Backgrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

15.     Among many other in-demand photographs, Backgrid owns coveted photographs of celebrities, including Jennifer Lopez, Justin Bieber, Bruce Willis, Kanye West, Kevin Hart, Harry Styles, Ariana Grande, Madison Beer, Selena Gomez, Khloe Kardashian, Camila Cabello, Rihanna, Drake, Doja Cat, Olivia Rodrigo, Dr. Dre, Gunna, G. Herbo, (hereinafter the "Celebrity Photographs").  All rights, title and interest in the Celebrity Photographs (the photographs at issue in this case and are individually identified in each claim of infringement), including but not limited to the copyrights thereon, are owned by Backgrid.

16.     Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office.  See Exhibit A.

**Defendants and Their Willful Infringing Activity**

17.     Defendant Audacy, Inc. is a publicly traded company that touts itself as the "country's #1 creator of original, premium audio content."  It engages over 170 million consumers each month, providing content on sports, podcasts, music and entertainment. Those consumers engage over the Audacy application and website, and over 230 radio stations across 47 markets

(including Los Angeles), through podcasts, and premium live music experiences. It also "continuously invest[s] in data, analytics and attribution capabilities, [to] enable advertisers to connect with scale and precision to over 170 million listeners monthly." To promote its radio stations, Audacy operates and controls social media accounts, including Twitter and Instagram pages, and owns, operates, and controls websites (collectively "Websites") which reproduce, publicly display, and distribute the infringed photographs at issue in this litigation. On information and belief, the Audacy name is a re-brand of Entercom Communications Corp.

18.     Audacy violated federal law by willfully infringing Backgrid's copyrights to photographs. Attached hereto as Exhibit B and incorporated herein by reference are true and correct screenshots of the Websites, including screenshots of the 21 infringed photographs at issue in this lawsuit. On information and belief, after Backgrid gave notice of five infringing photographs (one of which is not at issue in this litigation), Audacy, Inc. and its LLCs infringed an additional 14 Celebrity Photographs collectively.

19.     Additionally, Audacy induced, caused, or materially contributed to the reproduction, distribution and public display of the Celebrity Photographs, and derivatives thereof, all while knowing or having reason to know of the infringement on its Websites were without permission, consent, or license.  By uploading the Celebrity Photographs to its social media accounts, Audacy encourages its fans to "share" the photographs, thus, causing others to also willfully infringe and multiplying the harm to Backgrid.

20.     On information and belief, Audacy operated and controlled its Websites at all times relevant to this dispute and financially benefits from the infringement of the Celebrity Photographs displayed thereto.  On information and belief, Audacy, Inc. and the LLCs share

common management, including the same directors and legal counsel, and share common

assets, including photographs for use on social media and other websites.

21.     On information and belief, Audacy has driven significant traffic to its Websites in

large part due to the presence of the sought after and searched-for Celebrity Photographs that frame

this dispute.  All of this traffic translates into substantial ill-gotten commercial advantage and brand

awareness as a direct consequence of its infringing actions.

22.     Audacy is well aware of the need for licensing copyright-protected images.

Backgrid attempted to resolve this dispute prior to initiating litigation. On September 22, 2020,

Entercom's Senior Counsel (Entercom was Audacy's name before rebranding), acknowledged

receipt of Backgrid's demand letter and even had further communications by telephone.  Since

being on notice, Audacy has infringed an additional 14 Celebrity Photographs.  As of the filing of

the California Action, 20 of the 21 Celebrity Photos remained live on the Websites. Finally,

Audacy has been sued for copyright infringement before, e.g. *B.A. Van Sise v. Audacy, Inc.*, 2:21-

cv-02581 (E.D. Penn. 2021) and is well aware of the strictures of copyright law.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement, 17 U.S.C. § 501
### (Against Defendants Audacy Inc., Audacy Services, LLC, Audacy Georgia LLC)

23.     Backgrid incorporates hereby reference the allegations in paragraphs 1 through 22

above.

24.     Backgrid is the owner of all rights, title, and interest in the copyrights of the

Celebrity Photographs that frame this dispute, which substantially consist of material wholly

original and which are copyrightable subject matter under the laws of the United States.

25.     Backgrid filed for copyright registration of the Celebrity Photographs within 90

days of their first publication with the United States Copyright Office.

26.     Defendants Audacy Inc., Audacy Services, LLC, Audacy Georgia LLC have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing the photographs as shown in Exhibit B, pages 2-9, 12-13, 22, for purposes of trade in violation of 17 U.S.C. § 501 et seq.

27.     All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

28.     Backgrid has identified at least nine instances of infringement by way of unlawful reproduction and display of Backgrid's photographs (as well as the unlawful facilitation of other's reproduction of its photographs).  The infringements are shown on Exhibit B, pages 2-9, 12-13, 22.

29.     As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

30.     Defendants have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Defendants' encouragement of the infringement and financial benefit it receives Backgrid's copyrights.

31.     The wrongful acts of Defendants have caused, and are causing, injury to Backgrid which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law.  Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

32.     The above-documented infringements alone would entitle Backgrid to a potential award of up to $150,000 per work infringed in statutory damages, in addition to its attorney's fees.

### SECOND CLAIM FOR RELIEF

### Copyright Infringement, 17 U.S.C. § 501
### (Against Defendants Audacy Inc., Audacy Services, LLC, Audacy Connecticut LLC)

33.     Backgrid incorporates hereby reference the allegations in paragraphs 1 through 32 above.

34.     Backgrid is the owner of all rights, title, and interest in the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

35.     Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office.

36.     Defendants Audacy Inc., Audacy Services, LLC, Audacy Connecticut LLC have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing the photograph as shown in Exhibit B, page 10, for purposes of trade in violation of 17 U.S.C. § 501 et seq.

37.     All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

38.     Backgrid has identified at least one instance of infringement by way of unlawful reproduction and display of Backgrid's photographs (as well as the unlawful facilitation of other's reproduction of its photographs). The infringement is shown on Exhibit B, page 10.

39.     As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

40.     Defendants have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Defendants' encouragement of the infringement and financial benefit it receives Backgrid's copyrights.

41.     The wrongful acts of Defendants have caused, and are causing, injury to Backgrid which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law.  Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

42.     The above-documented infringements alone would entitle Backgrid to a potential award of up to $150,000 per work infringed in statutory damages, in addition to its attorney's fees.

### THIRD  CLAIM FOR RELIEF

**Copyright Infringement, 17 U.S.C. § 501**
**(Against Defendants Audacy Inc., Audacy Services, LLC, Audacy Arizona, LLC)**

43.     Backgrid incorporates hereby reference the allegations in paragraphs 1 through 42 above.

44.     Backgrid is the owner of all rights, title, and interest in the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

45.     Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office.

46.     Defendants Audacy Inc., Audacy Services, LLC, Audacy Arizona LLC  has directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's

copyrights by reproducing, displaying, distributing, and utilizing the photographs as shown in Exhibit B, page 11, for purposes of trade in violation of 17 U.S.C. § 501 et seq.

47.     All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

48.     Backgrid has identified at least one instance of infringement by way of unlawful reproduction and display of Backgrid's photographs (as well as the unlawful facilitation of other's reproduction of its photographs). The infringement is shown on Exhibit B, page 11.

49.     As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

50.     Defendants have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Defendants' encouragement of the infringement and financial benefit it receives Backgrid's copyrights.

51.     The wrongful acts of Defendants have caused, and are causing, injury to Backgrid which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law.  Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

52.     The above-documented infringements alone would entitle Backgrid to a potential award of up to $150,000 per work infringed in statutory damages, in addition to its attorney's fees.

## FOURTH CLAIM FOR RELIEF

### Copyright Infringement, 17 U.S.C. § 501
### (Against Defendants Audacy Inc., Audacy Services, LLC, Audacy Texas, LLC)

53.     Backgrid incorporates hereby reference the allegations in paragraphs 1 through 52 above.

54.     Backgrid is the owner of all rights, title, and interest in the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

55.     Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office.

56.     Defendants Audacy Inc., Audacy Services, LLC, Audacy Texas, LLC have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing the photographs, as shown in Exhibit B, page 14,  for purposes of trade in violation of 17 U.S.C. § 501 et seq.

57.     All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

58.     Backgrid has identified at least one instance of infringement by way of unlawful reproduction and display of Backgrid's photographs (as well as the unlawful facilitation of other's reproduction of its photographs). The infringement is shown on Exhibit B, page 14.

59.     As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

60.     Defendants have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its

photographs by, among other things, virtue of Defendants' encouragement of the infringement and financial benefit it receives Backgrid's copyrights.

61.     The wrongful acts of Defendants have caused, and are causing, injury to Backgrid which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law.  Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

62.     The above-documented infringements alone would entitle Backgrid to a potential award of up to $150,000 per work infringed in statutory damages, in addition to its attorney's fees.

## FIFTH CLAIM FOR RELIEF

### Copyright Infringement, 17 U.S.C. § 501
### (Against Defendants Audacy Inc., Audacy Services, LLC, Audacy New York, LLC)

63.     Backgrid incorporates hereby reference the allegations in paragraphs 1 through 62 above.

64.     Backgrid is the owner of all rights, title, and interest in the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

65.     Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office.

66.     Defendants Audacy Inc., Audacy Services, LLC, Audacy New York, LLC has directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing the photographs as shown in Exhibit B, page 15, 16, 18-21, 23, for purposes of trade in violation of 17 U.S.C. § 501 et seq.

67.     All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

68.     Backgrid has identified at least seven instances of infringement by way of unlawful reproduction and display of Backgrid's photographs (as well as the unlawful facilitation of other's reproduction of its photographs). The infringement is shown on Exhibit B, page 15, 16, 18-21, 23.

69.     As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

70.     Defendants have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Defendants' encouragement of the infringement and financial benefit it receives Backgrid's copyrights.

71.     The wrongful acts of Defendants have caused, and are causing, injury to Backgrid which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law.  Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

72.     The above-documented infringements alone would entitle Backgrid to a potential award of up to $150,000 per work infringed in statutory damages, in addition to its attorney's fees.

### SIXTH CLAIM FOR RELIEF

**Copyright Infringement, 17 U.S.C. § 501**
**(Against Defendants Audacy Inc., Audacy Services, LLC, Audacy Missouri, LLC)**

73.     Backgrid incorporates hereby reference the allegations in paragraphs 1 through 72 above.

74.    Backgrid is the owner of all rights, title, and interest in the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

75.    Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office.

76.    Defendants Audacy Inc., Audacy Services, LLC, Audacy Missouri, LLC have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing the photographs, as shown in Exhibit B, page 17, 24, for purposes of trade in violation of 17 U.S.C. § 501 et seq.

77.    All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

78.    Backgrid has identified at least two instances of infringement by way of unlawful reproduction and display of Backgrid's photographs (as well as the unlawful facilitation of other's reproduction of its photographs). The infringement is shown on Exhibit B, page 17, 24.

79.    As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

80.    Defendants have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Defendants' encouragement of the infringement and financial benefit it receives Backgrid's copyrights.

81.    The wrongful acts of Defendants have caused, and are causing, injury to Backgrid which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an

adequate remedy at law.  Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

82.    The above-documented infringements alone would entitle Backgrid to a potential award of up to $150,000 per work infringed in statutory damages, in addition to its attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    That the Defendant, and its officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photos of Backgrid;

2.    That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3.    For actual damages and disgorgement of all profits derived by Defendants from its acts of copyright infringement and for all damages suffered by it by reasons of Defendants' acts, under 17 U.S.C. § 504 (a)(1) & (b);

5.    For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6.    For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7.    For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505;

8.    For any such other and further relief as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff Backgrid USA, Inc. hereby demands trial by jury of all issues so triable under the law.

Respectfully submitted,

**ROYER COOPER COHEN BRAUNFELD LLC**

Dated: September 22, 2023          By: /s/   *Barry L. Cohen*

Barry L. Cohen, Esquire  PA ID No. 68864
Email:  bcohen@rccblaw.com
Two Logan Square
100 N. 18th St., Suite 710
Philadelphia, PA 19103
Tel: 484-362-2628; Fax: 484-362-2630

*\* Pro Hac Vice Motions will be submitted*

Peter R. Afrasiabi\*
pafrasiabi@onellp.com
ONE LLP
Newport Beach, CA 92660
Telephone:      (949) 502-2870
Facsimile:      (949) 258-5081

Joanna Ardalan\*
jardalan@onellp.com
ONE LLP
Telephone:      (310) 437-8665
Facsimile:      (310) 943-2085

*Attorneys for Plaintiff, Backgrid USA, Inc.*